## WILLIAMS v. FULKS.

### Opinion delivered May 11, 1914.

1. APPEAL AND ERROR—INVITED ERROR.—In an action for damages for slander, defendant can not complain of the refusal of the court to permit postal cards to be read, where the cards were excluded upon defendant's request.  (Page 84.)

2. SLANDER—EVIDENCE—ACTS AFTER THE SLANDER.—In an action for damages for slander, *held* evidence by plaintiff that she had received certain postal cards after defendant had spoken the slanderous words, is admissible, as showing that plaintiff suffered humiliation from the slander.  (Page 85.)

3. SLANDER—EVIDENCE—GENERAL KNOWLEDGE OF THE SLANDER.—In an action for damages for slander, testimony of plaintiff's sister that a third person repeated the slanderous words to her is admissible, to show that the slander was generally known.  (Page 85.)

4. SLANDER—EVIDENCE OF CONSEQUENCES.—In a suit for slander, it is competent for plaintiff to show that plaintiff failed to receive promotion in a lodge, which the jury may infer was due to defendant's slanderous words.  (Page 85.)

5. SLANDER—GENERAL CIRCULATION—DAMAGES.—Evidence of the general circulation of slanderous words is competent as showing the extent of plaintiff's damages.  (Page 85.)

6. SLANDER—WIFE'S SLANDER—LIABILITY OF HUSBAND.—A husband is liable for slanderous words spoken by his wife. *Jackson* v. *Williams*, 92 Ark. 486; *Williams* v. *Fulkes*, 103 Ark. 196.  (Page 86.)

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; affirmed.

*M. P. Huddleston* and *Robert E. Fisher,* for appellant.

*Block & Kirsch* and *T. A. Turner,* for appellee.

McCULLOCH, C. J.   This is an action instituted by the appellee, Dora Jackson Fulks, against J. M. Williams and his wife, Nancy Williams, to recover damages on account of slanderous words alleged to have been spoken by defendant, Nancy Williams, concerning the plaintiff.

This is the third appeal.   The first judgment was in favor of defendants, and, on appeal, that judgment was reversed and the cause remanded for a new trial.   92 Ark. 486.   The second trial resulted in a judgment in favor of plaintiff, and, on appeal, that judgment was reversed and the cause remanded for a new trial.   103 Ark. 196.

The facts are fully set forth in the former opinions and need not be again rehearsed.

The words alleged to have been spoken were slanderous *per se*, and the law applicable to the case is fully settled on the former appeals.

In the last trial plaintiff recovered judgment in the sum of $1,000, and the defendants have prosecuted the appeal to this court.

The only assignments of error relate to rulings of the court in admitting testimony.   There are several of these assignments, and they all relate to testimony which had bearing only on the question of the amount of damages, except one of the assignments, which related to testimony affecting the credibility of one of the witnesses.

After a careful examination of these assignments we are of the opinion that none of them constitute reversible error.   It is unnecessary to discuss them all, as the principles affecting them are not unconnected.

One of the assignments is as to the ruling of the court in permitting the plaintiff to testify about certain postal cards which she had received through the mails subsequent to the utterance of the slander.

This occurred on re-direct examination, after counsel for defendants had subjected her to a searching cross-examination on all phases of the case, and particularly with reference to the amount of her injury by reason of

the slander. She was asked about the persons who knew of the slander and their character, and whether she had reason to think that the slanderous words were believed by people in the community. On re-direct examination, immediately following this part of the cross-examination, she was asked by counsel for plaintiff whether or not she had received postal cards through the mails (then handed to her), and what was her state of mind after she received them. Objection was made by defendant's counsel to the introduction of the postal cards, and the court sustained the objection, telling the jury at the time to disregard anything said in their hearing insofar as the cards were concerned, but that the degree of plaintiff's mental suffering being a matter at issue as affecting the damages she could be permitted to state that she received postal cards, and what the condition of her mind was at the time as the result of the slanderous words uttered by the defendant, Mrs. Williams. She was then permitted to state that she received postal cards, and that her heart was almost broken over the incident.

The defendants can not complain at the failure of the court to permit the postal cards to be read, because the cards were excluded upon their request. They objected to the plaintiff making any statement about the condition of her feeling at that time; but we are of the opinion that the testimony was not prejudicial when considered in the light in which the jury must have understood it. The whole purpose of it was to show what she believed, and that she was humiliated in consequence of a belief that the slander affected the minds of people in the community toward her. This testimony was merely introduced for the purpose of responding to the attempt of defendants to show that she did not suffer any humiliation from the slander because she did not believe it had any effect. After all, the manner in which the testimony was admitted made it relate to the plaintiff's own statement that she believed that the slanderous words were in some quarters accepted as true. It could only have affected the amount recovered, and we do not think that the

mention of the postal cards had any prejudicial effect upon the minds of the jury.

Another assignment relates to the testimony of plaintiff's sister about a friend of hers telling her of the use of the slanderous words by defendant, Mrs. Williams.

Now, there is much contrariety of opinion among the authorities on this subject as to effect of repetition of slanderous words by third persons, and whether the original slanderer is responsible therefor.

We need not go into that question here, for it is apparent that this assignment does not raise it, as the testimony of plaintiff's sister only had a tendency to show that the slander was generally known, and had been communicated to her by a third person. It was not such repetition of the slander as was calculated to augment the damages, and therefore could not be held to be prejudicial, even if it be held that under the law the defendant was not liable for damages resulting from the repetition of the slander by third persons.

Another assignment relates to testimony of plaintiff tending to show that she was a member of a certain lodge and was the next highest officer therein, and that about the time the slander was circulated, she was, without apparent cause, dropped out of line, and not promoted to the highest office.

We think that testimony was competent, for the jury might fairly have drawn the inference that her failure to attain the office was caused by the slanders circulated against her good name.

Other testimony adduced which has been objected to related to the circulation of the slander, or, rather, to evidence of the fact that it had been generally circulated in the community as the result of utterance of the slanderous words by defendant, Mrs. Williams; and we think it was competent for the purpose of showing the extent of the damages.

The question whether the defendants are responsible for damages resulting from mere repetition by other per-

sons is not properly raised in this case, and the court will not undertake to decide it.

Upon the whole we are unable to discover any prejudicial error in the record.

We have already decided that the defendant, J. M. Williams, is, under the law, liable for damages resulting from slanderous words spoken by his wife, and, however innocent he may be of any participation in the wrong, he can not escape the effect thereof.

The assessment of damages is assailed as being excessive; but after considering all the evidence in the case, we are unable to say that the jury were without warrant to fix it at the amount named.

Judgment affirmed.